Russell A. Robinson, SBN 163937
Law Office of Russell A. Robinson, ADR
345 Grove Street, First Floor
San Francisco CA 94102
Telephone: 415.255.0462
Facsimile: 415.431.4526

Attorneys for Plaintiff
PETER GEORGIEV

E-FILING

FILED

2007 NOV 30  P 2: 46

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

Fee Paid
S1
S

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

PETER GEORGIEV,

    Plaintiff,

v.

LAWRENCE STONE, individually and in his capacity as Assessor of Santa Clara County; SANTA CLARA COUNTY; and DOES 1 through 20,

    Defendants.

No. C-07- C07 06064 HRL

COMPLAINT FOR RELIEF IN THE NATURE OF MANDAMUS AND FOR DAMAGES

DEMAND FOR JURY TRIAL

BY FAX

Plaintiff alleges:

## INTRODUCTION

1. Plaintiff PETER GEORGIEV is the owner of real property located in Santa Clara County, California, at 960 Leo Drive, in the City of San Jose, APN 381-12-033 (the "Property"). On information and belief, Defendant LAWRENCE STONE ("Stone") is the County Assessor acting on behalf of Santa Clara County; Stone is sued in individual and official capacities. Defendants have failed and refused to reassess the property at its proper value after improvements.

2. Defendants acted to deny Plaintiff statutory rights, and have done so willfully, in retaliation for Plaintiff's exercise of his First Amendment right to petition for redress of grievances, and denying Plaintiff the right to refunds and to appeal Defendants' reassessment.

COMPLAINT FOR RELIEF IN THE NATURE
OF MANDAMUS AND FOR DAMAGES
*Jefferson v. Stone, et al.* (No. C-07         )         -1-

## GENERAL ALLEGATIONS

3. This is an action brought under 42 U.S.C. § 1983 for mandatory injunctive relief, to recover damages, and for disgorgement against Defendants for (a) violation of Plaintiff's rights of property and due process, guaranteed by the United States Constitution and laws enacted thereunder; and, (b) retaliation for Plaintiff's exercise of his right to petition for redress of grievances, guaranteed by First and Fourteenth Amendments to the United States Constitution.

## JURISDICTION

4. The jurisdiction of this Court is predicated on 28 U.S.C. §§ 1331 and 1343.

## INTRADISTRICT ASSIGNMENT

5. This matter has been filed in the Court's San Jose Division, pursuant to Civil L.R. 3-2.

6. Plaintiff Georgiev is, and at all times mentioned in this complaint was, a citizen of the United States.

7. A substantial part of the events giving rise to this action occurred in Santa Clara County, California. Venue is therefore proper under 28 U.S.C. § 1391(b).

8. Defendant Stone was, at all times mentioned in this complaint, an agent of the County of Santa Clara, employed as Assessor.

9. Defendant Stone was, at all times mentioned in this complaint, acting in the course and scope of his employment with Defendant County of Santa Clara.

10. Defendant Stone was, at all times mentioned in this complaint, acting under color of state law.

11. Defendant Stone is sued herein both in his official capacity and in his personal capacity.

12. Plaintiff is ignorant of the true names and capacities of Defendants sued as DOES 1 through 20, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege these defendants' true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each fictitiously named defendant is responsible in some manner for the occurrences herein alleged, and that plaintiff's damages as herein alleged were proximately caused by the conduct of said fictitiously named defendants.

13. Defendants at all times herein mentioned were the agents and employees of, and conspirators with, their co-defendants and in doing the things hereinafter alleged were acting within the course and scope of such agency, employment and conspiracy and with the permission and consent of their co-defendants.

## HISTORY

14. On July 1, 1996, Stone assess taxes against Georgiev after improvements to the Property. That revised tax amount was $1,058.25 semi-annually ($2,116.50 annually). Georgiev timely paid the increased tax amount and applied for a refund of the over-payment. As of the date of this complaint, Defendants still fail and refuses to issue a notice of reassessment of Plaintiff's real property as of July 7, 1995, instead of December 31, 1996.

## FACTS

15. This matter stems from the reassessment proceedings of the Property after Georgiev made improvements which were substantially completed on July 7, 1995. Defendants claimed the property should be reassessed as of December 31, 1996, a difference annually of $731 for fiscal year ending June 30, 1997, plus interest.

16. Plaintiff appealed the decision by Defendants to the Santa Clara County Assessment Appeals Board (AAB). The AAB essentially rubber-stamped the decision by Defendants.

17. Plaintiff filed claims with the Santa Clara County Board of Supervisors for refunds of 1995/1996, 1996/1997, and 1997/1998 real property taxes. The County Board of Supervisors failed to act upon those claims.

18. Plaintiff filed an action in the Superior Court, County of Santa Clara, to challenge the validity of the assessment and to appeal from the AAB's decision, seeking remand to the AAB and a refund of over-paid taxes.

19. The State Court case, *Georgiev v. County of Santa Clara*, No. CV814565 (State Action), was dismissed on summary judgment after motion by the defense.

20. In connection with making its motion for summary judgment, the defense in the State Action submitted false and fraudulent materials intending to mislead and in fact misleading the

1  Superior Court. Using the mail and other means of communication, on information and belief
2  Defendants intended to commit tortious and fraudulent acts and in fact did commit said acts.

3     21. Plaintiff filed a protective appeal, Court of Appeal No. H029347. Based on the same
4  false and fraudulent filings and errors in the record, the Court of Appeals affirmed the trial
5  court's decision in the State Action.

6     22. Defendants are aware of the requirements to re-assess upon the date the property is
7  functionally used or occupied, which in this case was July 7, 1995 [California Revenue &
8  Taxation Code section 75(a)].

9     23. Defendants have a statutory duty to re-assess using the correct date of completion and to
10 issue a Notice of Reassessment as of July 7, 1995. Defendants have failed to issue that notice
11 and to re-assess using the correct date.

## FIRST CAUSE OF ACTION

### (Deprivation of Rights of Property and Due Process Under Color of State Law)

14    24. Plaintiff realleges and incorporates by reference each and every allegation set forth in
15 Paragraphs 1 through 23, as though fully set forth here.

16    25. This cause of action arises under the Civil Rights Act of 1871 (42 U.S.C.S. § 1983), as
17 herein more fully appears.

18    26. At all times herein mentioned, Defendants Stone, Santa Clara County, and each of them,
19 in doing all of the things herein mentioned acted under color of authority as such, and under color
20 of the statues, regulations, customs, and usages of the State of California and the Office of the
21 Santa Clara County Assessor, and pursuant to the official policy of the Office of the Santa Clara
22 County Assessor as created by Defendant Stone, the Santa Clara County Assessor, acting under
23 color of his authority as such.

24    27. Defendants wrongfully invaded Plaintiff's property rights by unlawfully, wrongfully and
25 contemptuously refusing to re-assess upon the correct date and to issue a notice of reassessment
26 of the Property as of July 7, 1995, as required by California law.

27 ///

28

COMPLAINT FOR RELIEF IN THE NATURE
OF MANDAMUS AND FOR DAMAGES
*Jefferson v. Stone, et al.* (No. C-07      )        -4-

28. By reason of the above-mentioned conduct of defendant, Plaintiff was deprived of rights, privileges, and immunities secured to him by the Constitution of the United States and laws enacted thereunder, in that such conduct constituted an arbitrary intrusion by defendant upon the security of Plaintiff's property and was not authorized by law and was beyond his authority, in that the issuance of the notice of reassessment was required by California statute and was specifically ordered in this case by a state court of competent jurisdiction, as described in greater detail, *supra*. As a result of the above-described conduct, defendant deprived plaintiff of liberty or property without due process of law.

29. As a result of such deprivations of his rights caused by the above-mentioned conduct, Plaintiff is entitled to relief under Section 1983 of Title 42 of the United States Code.

30. As a further result of the acts of defendants, Plaintiff was subjected to humiliation and indignity and has suffered, and continues to suffer, great mental pain and suffering, all to his damage in an amount to be determined at trial.

31. As a further direct and proximate result of Defendants' actions, Plaintiff has suffered, and continues to suffer, the following special damages: injury to plaintiff's property, business, trade, profession or occupation, all to his damage according to proof.

32. In acting as is alleged in this complaint, Defendant Stone has acted knowingly, willfully, maliciously and oppressively, and with reckless and callous disregard for Plaintiff's federally protected rights. Plaintiff is therefore entitled to exemplary and punitive damages.

## SECOND CAUSE OF ACTION

### (Deprivation of Right to Petition for Redress of Grievances, Under Color of State Law)

33. Plaintiff realleges and incorporates by reference each and every allegation set forth in Paragraphs 1 through 32, as though fully set forth here.

34. In acting as alleged in this complaint, defendant was, and is, retaliating for Plaintiff's exercise of his right to petition for redress of grievances, guaranteed by the First and Fourteenth Amendments to the United States Constitution, violating that right.

35. As a further result of the acts of defendant. Plaintiff was subjected to humiliation and indignity and has suffered, and continues to suffer, great mental pain and suffering, all to his damage in an amount to be determined at trial.

36. As a further direct and proximate result of defendant's actions, Plaintiff has suffered, and continues to suffer, the following special damages: injury to Plaintiff's property, business, trade, profession or occupation, all to his damage according to proof.

37. In acting as is alleged herein, Defendant Stone acted knowingly, willfully, maliciously, and oppressively, and with reckless and callous disregard for Plaintiff's federally protected rights. Plaintiff is therefore entitled to exemplary and punitive damages.

## THIRD CAUSE OF ACTION

### (Equal Protection Clause of the 14th Amendment

### 42 USC §1983)

38. Plaintiff realleges and incorporates by reference each and every allegation set forth in Paragraphs 1 through 38, as though fully set forth here.

39. Plaintiff is informed and believes that Defendants intentionally refused and refuses to properly assess, or to re-assess, Plaintiff's property at the July 7, 1995, value as required by California law.

40. Plaintiff is informed and believes that Defendants' conduct in this regard was irrational and wholly arbitrary action, and was motivated solely by a spiteful effort to retaliate against Plaintiff after Plaintiff's initial complaints and legal actions, and that Defendants acts in this regard were for reasons wholly unrelated to any legitimate state objective.

41. As a result of such deprivations of his rights caused by the above-mentioned conduct, Plaintiff is entitled to relief under Section 1983 of Title 42 of the United States Code.

42. As a further result of the acts of defendants, Plaintiff was subjected to humiliation and indignity and has suffered, and continues to suffer, great mental pain and suffering, all to his damage in an amount to be determined at trial.

43. As a further direct and proximate result of Defendants' actions, Plaintiff suffered, and

COMPLAINT FOR RELIEF IN THE NATURE
OF MANDAMUS AND FOR DAMAGES
*Jefferson v. Stone, et al.* (No. C-07         )          -6-

continues to suffer, the following special damages: injury to Plaintiff's property, business, trade, profession or occupation, all to his damage according to proof.

44. In acting as is alleged herein, Defendant Stone acted knowingly, willfully, maliciously, and oppressively, and with reckless and callous disregard for Plaintiff's federally protected rights. Plaintiff is therefore entitled to exemplary and punitive damages.

## FOURTH CAUSE OF ACTION
### (RICO -- 18 USC Section 1961, et seq.)

45. Plaintiff realleges and incorporates by reference each and every allegation set forth in Paragraphs 1 through 44, as though fully set forth here.

46. In doing the things alleged above, Defendants sought to continue to collect a debt or obligation that is unlawful: the collection of excess taxes on Plaintiff's real property. Plaintiff is informed Defendant Stone, as the County Assessor and as an employee of Santa Clara County, has received income derived directly from the unlawful taking.

47. In doing the things alleged above, Defendant Stone through a local government office engaged in a pattern of predicate acts using his offices as the requisite enterprise. By, *inter alia*, fraudulently concealing the real and appropriate value of the Property, by falsely claiming certain facts in the underlying State Action and AAB proceedings (deflecting litigation), and forcing Plaintiff to incur legal expenses and to pursue legal and equitable actions, Defendant's conduct rises to fraud and/or fraudulent concealment. The debt in the form of excess property taxes which Defendant seeks, through his office, to collect has been held in part to be unlawful yet Defendant continues to seek to collect said unlawful debt from Plaintiff through racketeering.

48. As a further direct and proximate result of defendant's actions, Plaintiff suffered, and continues to suffer, the following special damages: injury to Plaintiff's property, business, trade, profession or occupation, all to his damage according to proof.

49. Plaintiff is entitled to damages, trebled, and to attorneys' fees, under 18 USC §1964(c), according to proof.

WHEREFORE, Plaintiff prays judgment against Defendants for damages suffered, continues to suffer and/or will suffer, as follows:

1. For a judgment declaring that the failure and refusal of defendant to issue a Notice of Reassessment of the Property as of July 7, 1995, was, and is, arbitrary, capricious, an abuse of discretion, contrary to the weight of the evidence and contrary to law;

2. That this Honorable Court issue an order requiring Defendant Stone, Assessor of Santa Clara County, to issue a Notice of Reassessment of the Property as of July 7, 1995;

3. That Defendants be required to pay Plaintiff compensatory general and special damages according to proof, including tax overpayments plus interest thereon;

4. That Defendant Stone be required to pay Plaintiff exemplary and punitive damages in an amount to be determined;

5. That Defendants be required to pay to Plaintiff's attorney's fees pursuant to 42 USC §1988(b), and/or 18 USC §1964(c);

6. For treble damages under 18 USC §1964(c);

7. That Defendants be required to pay to Plaintiff the cost of suit herein incurred; and

8. That Plaintiff have such other and further relief as the Court may deem proper.

DATED: November 29, 2007        Respectfully submitted,

Russell A. Robinson
Attorney for Plaintiff
PETER GEORGIEV

///

COMPLAINT FOR RELIEF IN THE NATURE
OF MANDAMUS AND FOR DAMAGES
*Jefferson v. Stone, et al.* (No. C-07        )        -8-

| | |
|---|---|
| 1 | **DEMAND FOR JURY TRIAL** |
| 2 | The plaintiff in the above-entitled action requests a trial by jury as provided by Amendment |
| 3 | VII of the United States Constitution and by Rule 38 of the Federal Rules of Civil Procedure. |

DATED: November 29, 2007        Respectfully submitted,

Russell A. Robinson
Attorney for Plaintiff
PETER GEORGIEV

**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

DATED: November 29, 2007        Respectfully submitted,

Russell A. Robinson
Attorney for Plaintiff
PETER GEORGIEV

---

COMPLAINT FOR RELIEF IN THE NATURE
OF MANDAMUS AND FOR DAMAGES
*Jefferson v. Stone, et al.* (No. C-07          )        -9-